IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MICHAEL SCOTT ABERNATHY,        )
                                )
                Petitioner,      )
                                )
v.                              )        Case No. 04-CV-0911-CVE-SAJ
                                )
MARTY SIRMONS, Warden,          )
STATE OF OKLAHOMA,              )
                                )
                Respondents.     )

OPINION AND ORDER

Before the Court is the amended petition for writ of habeas corpus (Dkt. # 10) filed by *pro se* Petitioner Michael Scott Abernathy. Respondent filed a response to the petition, and provided the state court record[1] necessary for resolution of Petitioner's claims (Dkt. # 23). Petitioner filed a reply (Dkt. # 25). He also filed an addendum to the amended petition containing 247 pages of "evidentiary exhibits." See Dkt. # 11. For the reasons discussed below, the Court finds the amended petition should be denied.

BACKGROUND

By amended information, filed February 19, 1999, in Craig County District Court, Case No. CF-1999-24, Petitioner Michael Scott Abernathy was charged with two (2) counts of First Degree Murder and one (1) count of First Degree Arson. See Dkt. # 23, O.R. at 21-22. The amended

---

[1]     Included in the record are copies of some of the original record from Case No. CF-1999-24, consisting of 3 bound volumes (pages 1-172, 173-401, and 515-677). See Dkt. # 23. Citations to the original record will be referred to herein as "Dkt. # 23, O.R. at __."  A copy of the transcript of the plea hearing, held May 30, 2000, was also provided and will be cited as "Dkt. # 23, Attach. 1." The transcript of the May 30, 2003, hearing on Petitioner's motion to withdraw plea will be cited as "Dkt. # 23, Attach. 2." Additional portions of the record are attached to the response as numbered exhibits and will be cited as "Dkt. # 23, Ex. ___."

information charged that on or about February 7, 1999, Sylvia Helen Shamblin and Richard W. Sears, a/k/a Ricky Jay, were killed by gunshot wounds to the head and that Petitioner set fire to a mobile home located at 6393 S. 4480 Road, Craig County, Oklahoma, while the mobile home was occupied by the shooting victims. Id. The Craig County District Attorney filed a Bill of Particulars on May 17, 1999, indicating that the death penalty would be sought on the two murder counts. Id. at 62-63.

On May 30, 2000, Petitioner, represented by attorneys Joe Robertson and Wayna Tyner, entered pleas of *nolo contendere* to two (2) counts of First Degree Murder and one (1) count of Second Degree Arson. See Dkt. # 23, Attach. 1. The plea was entered pursuant to an agreement with the State that the Bill of Particulars would be withdrawn, and the First Degree Arson charge would be reduced to Second Degree Arson. See Dkt. # 23, O.R. at 269-70.  On July 26, 2000, the state district court found Petitioner guilty and sentenced him to life without parole on the two murder counts and ten years on the arson count,[2] all sentences to be served consecutively. Id. at 325-27, 389. At the sentencing hearing, Petitioner was advised of his appeal rights and signed a document entitled "Notice of Rights to Appeal."  Id. at 304, 389.

On August 1, 2000, Petitioner filed a *pro se* notice of appeal in the state district court and a request for attorney representation on appeal. Id. at 313. However, no timely motion to withdraw plea was filed.  On October 24, 2001, Petitioner filed a request for an appeal out of time. Id. at 562. On May 24, 2002, after Petitioner made several requests in various forms to both the district court and the Oklahoma Court of Criminal Appeals ("OCCA"), Petitioner's request for an appeal out of

---

[2]      Although the record from the plea hearing suggests that the First Degree Arson count was to be reduced to Second Degree Arson, the Judgment and Sentence reflects that Petitioner was convicted of "First Degree Arson." See Dkt. # 23, O.R. at 325.

time was finally granted.  Id. at 615. Petitioner was given ten (10) days to file an application to withdraw his plea. Id. On June 3, 2002, he filed a *pro se* application to withdraw his pleas of *nolo contendere*.  Id. at 621. In support of his application, Petitioner claimed: (1) his plea was based on erroneous information and advice from his counsel; (2) his plea was entered through inadvertence, ignorance, and mistake or coercion; (3) he was not mentally competent to enter a plea; (4) he did not understand the terms of the imposed plea and sentence; (5) he is not guilty of the crimes charged and has a valid defense; and (6) he had ineffective assistance of counsel. Id. at 621-22.

On June 27, 2002, the district court denied Petitioner's motion to withdraw plea, granted an appeal out of time, and appointed counsel for Petitioner for appeal purposes. Id. at 633. Represented by attorney Thomas Purcell, Petitioner appealed the denial of his motion to withdraw plea to the OCCA. See Dkt. # 23, Ex. A.  In this *certiorari* appeal, Petitioner raised only one issue: that the trial court erred in denying the motion to withdraw plea without the presence of Petitioner or his counsel. The OCCA stayed the *certiorari* appeal, and remanded the matter to the district court for an evidentiary hearing. (Dkt. # 23, Ex. D). The hearing was held on May 30, 2003. At the hearing, attorney Larry Roberson represented Petitioner. At the conclusion of the hearing, the district court again denied Petitioner's motion to withdraw plea. Petitioner supplemented his earlier *certiorari* appeal, asserting that his pleas were not knowingly and voluntarily entered and that he should be allowed to withdraw the pleas.  In a summary opinion filed August 20, 2003, the OCCA denied relief.  (Dkt. # 23, Ex. B).

Petitioner also filed an application for post-conviction relief which was denied by the district court. See Dkt. # 11 at 107. Petitioner appealed  to the OCCA in Case No. PC-2004-342. By Order

3

filed October 14, 2004, the OCCA affirmed the district court's denial of post-conviction relief,

finding as follows:

> Including its attachments, Petitioner's post-conviction application, exceeded ninety pages in length. Although it advances, in no particular order, multiple claims believed by Petitioner to demonstrate entitlement to post-conviction relief, all of his claims fall within one of four categories: (1) claims that would offer some type of defense to the State's prosecution, (2) claims that his pleas of no contest were not knowingly or voluntar[il]y entered, (3) claims that the trial court proceedings violated Petitioner's constitutional and statutory rights, including his right to effective assistance of trial counsel, and (4) claims that his appellate counsel provided ineffective assistance.
>
> Examples of those claims falling within the first category are Petitioner's allegations that his arrest and detention were unlawful, that statements were illegally obtained from him, that unlawful searches and seizures occurred, and that his alcoholism prevented him from forming the criminal intent necessary for conviction. All those claims within this first category have been waived as a result of Petitioner's pleas of no contest.
>
> Petitioner's claims that fall within one or both of the second and third categories include all of those allegations concerning notice of the charges; Petitioner's lack of competence and lack of understanding about entering pleas of no contest and the legal effect of such pleas; all of those allegations accusing his trial counsel of coercing, threatening, tricking, misleading, and enticing Petitioner to enter his pleas of no contest; those allegations that trial counsel failed to object to certain evidence or testimony; all of Petitioner's claims concerning trial counsel's failure to conduct adequate investigations and failure to present mitigating evidence at Petitioner's sentencing hearing; all claims that the trial judge was not impartial; and all other allegations by Petitioner that his plea and sentencing proceedings, and those proceedings in the trial court to withdraw his pleas, violated due process and other constitutional and statutory rights possessed by Petitioner. Each of these claims, and all of those other claims asserted by Petitioner that fall under the second and third categories present issues which either were or could have been raised in Petitioner's certiorari appeal. Therefore, these claims have all been waived and are procedurally barred from being considered, unless Petitioner can establish a "sufficient reason" why they were not raised or were insufficiently raised within his certiorari appeal.

See Dkt. # 23, Ex. C at 2-4 (footnotes and citations omitted). The OCCA continued its analysis by

examining Petitioner's ineffective assistance of appellate counsel claims. Because Petitioner did not

supply the OCCA with any of the appellate briefs or pleadings filed by his appellate counsel, the

state appellate court found, *inter alia*, that he had failed to demonstrate that his counsel performed deficiently in failing to raise the omitted issues or arguments. Id.

On December 6, 2004, Petitioner initiated the instant proceedings by filing an incomplete[3] federal habeas corpus petition (Dkt. # 1). On February 8, 2005, he filed an amended petition (Dkt. # 10). In his amended petition, Petitioner raises the following three (3) grounds for relief in the main body of the pleading:

Ground 1:     Violation Fourth Amendment (USCA) Rights against illegal seizure, illegal detention.

Ground 2:     Violation of Fifth Amendment (USCA): rights against self-incrimination.

Ground 3:     Eighth Amendment (USCA) violation of rights against cruel and unusual punishment: illegal confinement.

See Dkt. # 10.   Additional grounds[4] are listed as 1- 14 on page 10A of the amended petition:

Ground 1:     Denial of effective assistance of counsel and appellate counsel.

Ground 2:     Denial of right of appeal.

Ground 3.     Conviction obtained by plea of guilty (nolo contendere) which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge or the consequences of the plea.

Ground 3a:    Defense counsel misleading in effects of plea-agreement; Trial Court's not honoring plea agreement at all during sentencing hearing.

Ground 4:     Conviction obtained by use of a coerced confession; obtained during illegal seizure of defendant.

Ground 5:     The illegal seizure constituted an illegal arrest; and

---

[3]     In an addendum to the original petition, Petitioner stated that it was offered to "meet the filing requirements of the Court" and that he "reserved his rights to file a complete application for Habeas Corpus at a later date." See Dkt. # 1 at 3.

[4]     Reference to these additional grounds shall be to "Supplemental Ground ___."

Ground 6:      This resulted in a conviction by a violation of the privilege against self-incrimination;

Ground 7:      Prosecution guilty of Brady violation for failure to disclose evidence favorable to the defendant.

Ground 8:      Conviction was obtained by the knowing use of perjured and double-hearsay testimony from Dr. Steven Abernathy prosecution witness.

Ground 9:      Petitioner was denied the right to cross-examine prosecution witness Dr. Steven Abernathy during the Motion Hearing to dismiss his testimony of October 25, 2000 (Dr. Abernathy was not even present at hearing).

Ground 10:    Oklahoma State Bureau of Investigation Agents and the Craig County Jail et al., are guilty of Fourth, Fifth, Eighth, and Fourteenth violations of Mr. Abernathy petitioner (USCA).

Ground 11:    Denial of speedy trial and speedy appeal.

Ground 12:    Conviction obtained as a result of a plea of nolo contendere and trial while the defendant was mentally incompetent and taking psychotropic drugs.

Ground 13:    Defense counsel Robertson forced petitioner to plead guilty by continually threatening him with the death penalty. Petitioner always told his defense counsel(s) he wanted to plead only to some sort of diminished capacity charge.

Ground 14:    Defense counsel failed to introduce two (2) state financed psychological evaluations to the Court which would have gone to show Petitioner's inability to form the necessary intent to commit first-degree murder, and would have supported his claim of actual innocence.

See Dkt. # 10. In response to the petition, Respondent argues that the OCCA properly denied Petitioner's (supplemental) ground three and (supplemental) ground thirteen claims, and the remaining claims are procedurally barred. (Dkt. # 23). Petitioner replies with additional arguments regarding the merits of his claims. (Dkt. # 25).

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b), (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the state courts in both *certiorari* appeal and post-conviction proceedings.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims relating to civil rights violations are not cognizable**

In ground three, Petitioner asserts constitutional violations arising from the medical care he received after his arrest. In supplemental ground ten, Petitioner appears to be challenging the treatment he received from Oklahoma State Bureau of Investigation agents and the "Creek County Jail et al."  When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  Estelle v. McGuire, 502 U.S. 62 (1991); 28 U.S.C. §§ 2241, 2254. Petitioner's claims arising from the conditions of his confinement, or the treatment he received after arrest and during confinement, are properly raised in a civil rights proceeding under 42 U.S.C. § 1983. They are not cognizable in a habeas corpus proceeding. See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that claims arising from conditions of confinement must be brought in 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition). Accordingly, Petitioner's claims raised in ground three and supplemental ground ten are not cognizable in this federal habeas corpus proceeding and should be denied on that basis.

**C.      Claims waived by pleas of *nolo contendere***

The OCCA found that the issues raised in grounds 1, 2, and supplemental grounds 4, 5, 6, 7, 8, and 9, as well as his right to a speedy trial as asserted in supplemental ground 11, were waived by virtue of Petitioner's *nolo contendere* plea. See Dkt. # 23, Ex. C at 3. In so holding, the state appellate court cited Oklahoma law which provides that a no contest plea has the same legal effect as a plea of guilty, and Tollett v. Henderson, 411 U.S. 258, 267 (1973), for the proposition that a defendant may not raise independent claims relating to matters that occurred prior to the entry of a guilty plea. Id. This Court agrees. The general rule that a guilty plea bars later assertion of constitutional challenges to pretrial proceedings was summarized by the Supreme Court in Lefkowitz v. Newsome, 420 U.S. 283 (1975), as follows:

> In contending that Newsome is precluded from raising his constitutional claims in this federal habeas corpus proceeding, the petitioner relies primarily on this Court's decisions in the guilty plea trilogy of Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, and on our decision in Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235. The Brady trilogy announced the general rule that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings. This principle was reaffirmed in Tollett v. Henderson, *supra*, at 267, 93 S.Ct., at 1608: 'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'

Lefkowitz v. Newsome,  420 U.S. at 288. The general rule found in the Brady trilogy also applies to no contest pleas. The Tenth Circuit has recognized that, "[t]he standard for a guilty plea is appropriate since the legal effect of a nolo contendere plea in Oklahoma is the same as that of a guilty plea." Braun v. Ward, 190 F.3d 1181, 1189 n.6 (10th Cir. 1999); Okla. Stat. tit. 22, § 513.

As discussed below, Petitioner is not entitled to habeas corpus relief on his claims alleging that his pleas were not knowingly and voluntarily entered. Therefore, habeas review of grounds 1, 2, and supplemental grounds 4, 5, 6, 7, 8, 9, and part of 11, is barred by Petitioner's pleas of *nolo contendere*.

**D.      Claims adjudicated by OCCA (Supplemental Grounds 3, 12, 13)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  In this case, the OCCA adjudicated Petitioner's claims on *certiorari* appeal or in post-conviction proceedings.  Therefore, to the extent Petitioner's claims are cognizable in these habeas proceedings and not procedurally barred, those claims shall be reviewed pursuant to § 2254(d).

*Nolo contendere pleas were not knowing and voluntary*

Petitioner presents several arguments that his pleas of *nolo contendere* were not knowing and voluntary. In supplemental ground three he claims his no contest plea "was unlawfully induced or not made voluntarily" because he did not understand the nature of the charge or the consequences of the plea. In supplemental ground twelve he claims he was mentally incompetent and taking psychotropic drugs when he entered his plea. Finally, in supplemental ground thirteen he asserts he was forced to plead no contest because his trial counsel threatened him. See Dkt. # 10 at 10A. The OCCA rejected Petitioner's claims regarding the voluntariness of his pleas, finding as follows:

> After a thorough consideration of this proposition and the entire record before us on appeal, we have determined that neither reversal nor modification is required under the law and evidence. The record shows Petitioner's plea was entered knowingly and voluntarily and was not the result of ignorance, confusion, influence, misunderstanding, or misapprehension. *Ocampo v. State*, 778 P.2d 920, 923 (Okl.Cr. 1989). No legal reason has been presented which compels us to find that the trial court abused its discretion when it denied Petitioner's request to withdraw his plea. *Frederick v. State*, 811 P.2d 601, 604 (Okl.Cr. 1991).

See Dkt. # 23, Ex. B at 2.

In this case, the record clearly indicates that Petitioner's challenges to the voluntariness of his pleas are without merit. First, he claims that his pleas were "unlawfully induced." At the plea hearing held on May 30, 2000, the trial judge asked Petitioner if anyone had threatened him in any way or made any promises regarding sentencing to induce him to change his plea of not guilty to *nolo contendere*. See Dkt. # 23, Attach. 1 at 16. Petitioner replied, "No sir, all they told me is you're going to lift the Bill of Particulars." Id. at 16-17. Further, a thorough review of the entire transcript of the plea hearing reveals that Petitioner clearly understood the nature of the charges against him, the terms of the plea agreement which removed the possibility of the death penalty and reduced the arson charge, and the consequences of his plea. See Dkt. # 23, Attach. 1.

10

Petitioner next claims that he was mentally incompetent at the time of the plea hearing and was on psychotropic drugs. After carefully reviewing the record in this case, however, the Court finds no merit to Petitioner's competency argument. Competence requires that Petitioner had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). A habeas petitioner claiming he was incompetent must present facts sufficient to "positively, unequivocally and clearly generate a real, substantial and legitimate doubt" concerning his mental capacity. Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997) (citing United States v. Williams, 819 F.2d 605, 609 (5th Cir. 1987)). In a federal habeas proceeding, the "burden is on the petitioner to prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea." Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995) (quoting Bouchillon v. Collins, 907 F.2d 589, 592 (5th Cir. 1990)). In Miles, the Tenth Circuit found that even a history of mental problems, low intelligence, psychotropic medication, and substance abuse did not establish that the petitioner was incompetent to plea. Id. at 1474. As in Miles, Petitioner has failed to meet his burden to support his claim that he was incompetent at the time he entered his plea.

At the plea hearing, Petitioner advised the court that he had previously been diagnosed with "bipolar condition," but was taking medication. See Dkt. # 23, Attach. 1 at 9. When asked if he believed that the medication prevented him from understanding what was going on at the hearing, he replied, "No, sir." Id. He further testified that the medication kept him "on an even keel," was effective in controlling his condition, and was helping him. Id. at 10-11. After asking about the

11

medications, the trial judge asked Petitioner if he knew "what we're doing here today?" Id. at 11. Petitioner replied, "I sure do, yes, sir." Id.

Further, the "Plea of Nolo Contendere Summary of Facts" form, signed by both Petitioner and the district court judge, reflects that Petitioner was advised of the sentencing range on each count and that his pleas of *nolo contendere* were knowing, intelligent and voluntary. See Dkt. # 23, O.R. at 305. He affirmatively indicated that he had talked over the charges with his attorney. Id. at ¶ 16. He acknowledged that there was a plea agreement, and correctly stated the terms of the agreement. Id. at ¶ 19. Thus, the record demonstrates that prior to the trial court's acceptance of the plea, Petitioner provided sufficient testimony and evidence to convince the trial court that he was competent to enter a plea of *nolo contendere*. Even after an evidentiary hearing on Petitioner's motion to withdraw plea, the trial court found no evidence to support a claim that Petitioner's plea was not knowing and voluntary. See Dkt. # 23, Attach. 2 at 130.

As discussed above, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has pointed to no evidence in support of his assertions that he was mentally ill, was negatively affected by psychotropic drugs, and did not understand the proceedings at the plea and sentencing hearing. Petitioner has failed to rebut the presumption of correctness by clear and convincing evidence and is not entitled to habeas relief on this claim.

In supplemental ground thirteen, Petitioner claims that his attorney threatened him with the death penalty, forcing him to plead against his will. Again, the record does not support Petitioner's arguments. At the hearing on Petitioner's motion to withdraw plea, trial counsel admitted that he

advised Petitioner there was a strong likelihood that if he went to trial he would be found guilty and given the death penalty. <u>See</u> Dkt. # 23, Attach. 2 at 96. There was no evidence, however, of threats or force used on Petitioner to enter a no contest plea. Significantly, Petitioner was given the opportunity at his plea hearing to speak to the court about the representation of his attorneys without them being present (Dkt. # 23, Attach. 1 at 15). He declined. <u>Id.</u>  "[O]ne central component of a lawyer's job is to assimilate and synthesize information from numerous sources and then advise clients about what is perceived to be in their best interest." <u>Fields v. Gibson</u>, 277 F.3d 1203, 1214 (10th Cir. 2002). "'Advice-even strong urging' by counsel does not invalidate a guilty plea." <u>Id.</u> (quoting <u>Williams v. Chrans</u>, 945 F.2d 926, 933 (7th Cir. 1991)). Petitioner claims that he perceived his attorney's strong urging to accept a plea agreement due to the risk of being given the death penalty if he went to trial as a threat. However, such urging does not constitute a threat, nor does it invalidate his plea.

"Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." <u>Fields</u>, 277 F.3d at 1212. Upon careful review of the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the state courts' factual findings underlying the conclusion that his plea of no contest was voluntarily and knowingly entered.  Accordingly, the Court concludes that Petitioner is not entitled to habeas relief based on the OCCA's adjudication of the claims described in supplemental grounds 3, 12, and 13.  28 U.S.C. § 2254(d).

**E.     Ineffective assistance of appellate counsel**

Petitioner raises several claims of ineffective assistance of appellate counsel in both his brief in support of his amended petition and his addendum to the amended petition. See Dkt. ## 10, 11. In the brief in support of the amended petition, Petitioner asserts that his appellate counsel was ineffective for failing to properly present certain ineffective assistance of trial counsel claims on *certiorari* appeal. Specifically, Petitioner contends that his appellate counsel omitted arguments that trial counsel failed to provide constitutionally sufficient representation at the plea and sentencing hearings as follows: failed to present evidence of two psychological examinations, failed to present evidence of Petitioner's history of chronic alcoholism and mental illness, and failed to present a defense of involuntary intoxication. Petitioner also claims his appellate counsel was ineffective for failing to assert that his trial counsel was ineffective at the hearing on his motion to withdraw because he violated attorney-client privilege and gave the prosecution an unfair advantage. Finally, Petitioner contends his appellate counsel was constitutionally ineffective for failing to present his *pro se* supplemental brief to the OCCA on appeal of the district court's denial of his motion to withdraw plea.

The OCCA rejected Petitioner's ineffective assistance of appellate counsel claims on the merits on post-conviction appeal, as follows:

> The guidelines set out in the decision of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), are applicable to determinations of ineffective assistance of appellate counsel. "To successfully prove ineffective assistance of counsel, Petitioner must satisfy the two-prong test enunciated in *Strickland v. Washington*. He must show: (1) that appellate counsel's performance was deficient; and (2) that he was prejudiced by the deficient performance."
>
> The Court finds that Petitioner has not established that his appellate counsel's performance was deficient. Although Petitioner alleges that he asked his appellate counsel to raise certain issues and arguments on appeal, he neglects to provide the Court with any of the appellate briefs or pleadings filed by his appellate counsel.

14

Hence, Petitioner has not demonstrated that his counsel indeed omitted these issues or arguments.

Moreover, Petitioner does not present a record that demonstrates his appellate counsel's alleged failure to raise these claims must be construed as a failure to provide "reasonably effective assistance." "The fact the original appellate counsel did not raise every issue now raised by post-conviction counsel . . . is not evidence of ineffectiveness." "As we have held many times, failure to raise even a meritorious claim does not, in itself, constitute deficient performance."

It must also be noted that a defendant does not have "a constitutional right to self-representation on direct appeal from a criminal conviction." Thus, a deliberate decision by counsel not to raise an issue on appeal that a defendant requests be raised is not determinative of a claim of ineffective assistance of appellate counsel. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgments."

Lastly, the Court notes that in deciding Petitioner's certiorari appeal, after reviewing the transcript of the May 30, 2003, hearing to withdraw pleas, this Court found, "The record shows Petitioner's plea was entered knowingly and voluntarily and was not the result of ignorance, confusion, influence, misunderstanding, or misapprehension." The majority of those same allegations that Petitioner makes in his current post-conviction application were contained within the transcript reviewed by this Court in deciding Petitioner's appeal. Three years after having entered his pleas, and in more that forty-five pages of direct testimony, Petitioner laid out his case for withdrawing his pleas and was encouraged on several occasions by his counsel, the prosecutor, and Judge Goodpaster to state on the record all claims he might have as to the validity of his pleas.  Under such circumstances, it is quite incredible that Petitioner would brazenly assert that his evidence concerning the validity of his pleas has never been considered by the District Court or reviewed by this Court.

Dkt. # 23, Ex. C at 4-6 (footnotes and citations omitted). In response to the amended petition,

Respondent asserts that the OCCA's resolution of Petitioner's ineffective assistance of appellate

counsel was based on procedural grounds and cites Rule 5.2(C)(2), *Rules of the Oklahoma Court*

*of Criminal Appeals*, as authority for the purported procedural bar.[5] This Court does not agree that

---

[5]     In support of the procedural bar argument, Respondent cites a ruling entered in N.D. Okla. Case No. 01-CV-355-E, <u>Jones v. Workman</u>. In that case, the Court upheld a procedural bar imposed by the OCCA on the petitioner's claim of ineffective assistance of appellate counsel. However, the OCCA's ruling in that case was clearly based on the petitioner's failure to comply with state court rules concerning the record. In contrast, the ruling by the OCCA in this case was on the merits based on application of the <u>Strickland</u> standard.

the OCCA based its decision on Rule 5.2. Instead, the OCCA applied <u>Strickland</u> and rejected the claim of ineffective assistance of appellate counsel on the merits.

In analyzing Petitioner's claims of ineffective assistance of appellate counsel under <u>Strickland</u>, the OCCA also cited <u>Hooper v State</u>, 957 P.2d 120, 124 (Okla. Crim. App. 1998) (reciting that OCCA uses a "three-prong test" for ineffective assistance of appellate counsel), and stated that "failure to raise even a meritorious claim does not, in itself, constitute deficient performance." <u>See</u> Dkt. # 23, Ex. C at 5. The Tenth Circuit Court of Appeals has repeatedly emphasized that that statement of the law by the OCCA deviates from the controlling federal standard. <u>See</u> <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202-05 (10th Cir. 2003); <u>Malicoat v. Mullin</u>, 426 F.3d 1241, 1248 (10th Cir. 2005). As a result, the OCCA's analysis of Petitioner's claim of ineffective assistance of appellate counsel is not entitled to deference on federal habeas corpus review. <u>See</u> <u>Cargle</u>, 317 F.3d at 1205; <u>Malicoat</u>, 426 F.3d at 1248. Therefore, this Court shall conduct a *de novo* review of Petitioner's ineffective assistance of appellate counsel claims.

The applicable standard was established by the Supreme Court in <u>Strickland</u>, 466 U.S. at 687. The <u>Strickland</u> test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. <u>Id.</u> When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. <u>Id.</u>; <u>see also</u> <u>Parker v. Champion</u>, 148 F.3d 1219, 1221 (10th Cir.1998) (citing <u>United States v. Cook</u>, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal

16

was deficient and prejudicial. <u>Hawkins</u>, 185 F.3d at 1152; <u>see also</u> <u>Cook</u>, 45 F.3d at 394. The relevant questions for assessing Petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, Petitioner "would have prevailed on his appeal." <u>Neill v. Gibson</u>, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing <u>Smith v. Robbins</u>, 528 U.S. 259, 285-86 (2000) (applying <u>Strickland</u>, 466 U.S. at 687-91)).

<em>Claims related to plea and sentencing hearings</em>

At the plea hearing held on May 30, 2000, the trial judge thoroughly questioned Petitioner about his understanding of the exact terms of his plea agreement, the various rights he was foregoing as a result of his plea, and the possible punishments he might receive. <u>See</u> Dkt. # 23, Attach. 1. As noted above, Petitioner also signed a written acknowledgment of his plea. Dkt. # 23, O.R. at 305. Contrary to the clear and unambiguous record, Petitioner asserts in his brief that when he entered the sentencing hearing, "[H]e did not even expect any jail time -- he just thought he would be sent to another mental institution." <u>See</u> Dkt. # 10. He blames his incarceration on alleged failures of trial counsel at the plea and sentencing hearings.  Petitioner claims that his trial counsel failed to present evidence of two psychological examinations, failed to present evidence of Petitioner's history of chronic alcoholism and mental illness, and failed to present a defense of involuntary intoxication. Petitioner refuses to recognize, however, that he waived his right to present a defense when he entered his pleas of *nolo contendere*. <u>Tollett</u>, 411 U.S. at 267 (1973); <u>United States v. Salazar</u>, 323 F.3d 852, 856 (10th Cir. 2003). Furthermore, to the extent Petitioner faults his attorney for failing to present mitigation evidence at sentencing, the Tenth Circuit has noted that a petitioner's Eighth

17

Amendment or due process or equal protection rights are not violated when a trial court does not consider mitigating factors during sentencing in a noncapital case. Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir. 1995) (citing United States v. LaFleur, 971 F.2d 200, 211-12 (9th Cir. 1991)). Thus, Petitioner's trial counsel did not perform deficiently in failing to present a defense of "diminished capacity" or in failing to present mitigation evidence at sentencing. Having found that trial counsel's performance was not deficient for the omissions enumerated by Petitioner, this Court cannot find appellate counsel was ineffective for failing to raise these issues of ineffective assistance of counsel.

*Claims related to May 30, 2003, hearing on motion to withdraw plea*

Petitioner also asserts that his appellate counsel failed to present claims that his trial counsel violated the attorney-client privilege and gave the prosecution an unfair advantage in any future proceedings by conceding Petitioner's guilt during the hearing on Petitioner's motion to withdraw plea. With regard to the attorney-client privilege, the record reflects that Petitioner testified as follows at the hearing on the motion to withdraw plea:

Q:     Now, I'm preparing to ask you some questions about what you and Mr. Robertson discussed, and I believe that you're aware that you have an attorney-client privilege against the disclosure of those discussions, do you know that?

A:     Yes, sir.

Q:     Okay. Are you, or are you willing to waive that privilege of confidentiality?

A:     I want to waive that privilege and bring forth those facts to the court, sir, up into anything concerning my guilt or innocence of these alleged charges.

Q:     So you're limiting your waiver to any information that relates to the change of plea and sentencing proceeding but you're not waiving your privilege as to discussions you might have had with Mr. Robertson about guilt or innocence?

A:     That's correct, sir.

18

Dkt. # 23, Attach. 2 at 28-29. Answering questions during the same hearing, attorney Robertson testified that he was familiar with the evidence obtained by the state, had conducted his own investigation of the evidence, and had read the reports of the Oklahoma State Bureau of Investigation, fire marshal, medical examiner and local sheriff. Id. at 90-91. The following colloquy occurred next:

Q: Did you discuss all of those with Mr. Abernathy?

A: Yes.

Q: Do you feel that he was fully made aware of all the potential evidence either for or against him that could be presented in this case?

A: Yes.

Q: And now without going into any type of attorney-client privilege, I don't want to go into anything the two of you talked about as far as his guilt or innocence, but did you believe that from the evidence that you were aware of that there was a likelihood that he would be found guilty if that case went to trial?

A: Yes.

Q: On all three counts?

A: Yes.

Q: And in that regard did you also feel that there was a, a possibility that he could receive the death penalty on Counts 1 and 2?

A: Yes.

Id. After a few more questions, the trial judge interrupted to clarify Petitioner's limited waiver of the attorney-client privilege. Attorney Robertson continued with his explanation of the underlying reasons for his advice to Petitioner to accept a plea bargain. Id. at 94-99. Contrary to Petitioner's assertions, attorney Robertson did not give his opinion of Petitioner's guilt or innocence. He did offer his opinion that, based upon his experience as a lawyer, he believed there was a "high

19

likelihood" that a jury would find Petitioner guilty based on the evidence available. Id. at 96. This opinion was offered to explain his reasons for recommending that Petitioner accept the plea agreement offered by the State. Because Petitioner was specifically challenging the fact that his plea was "knowing and voluntary" the testimony offered by attorney Robertson was essential to educate the trial court of the basis for the advice given by Mr. Robertson. This Court does not find that attorney Robertson violated the attorney-client privilege or gave the prosecution any type of unfair advantage by giving the prosecution "new ammo with which to convict the petitioner in any future proceeding," as alleged by Petitioner.  See Dkt. # 11. Accordingly, Petitioner's appellate counsel was not ineffective for failing to raise this issue in appeal proceedings.

*Claims regarding failure to file pro se supplemental brief with OCCA*

Attorney Thomas Purcell represented Petitioner in his appeal of the district court's denial of the motion to withdraw plea. See Dkt. # 23, Ex. A. In the first brief filed, the only issue raised was a challenge to the district court's failure to allow a hearing on the motion. Id. As noted above, the OCCA remanded the matter to the district court for a hearing. After the hearing, the district court denied the motion for a second time, and Petitioner was directed by the OCCA to file a supplemental brief. Petitioner's counsel filed a supplemental brief raising one additional issue. Petitioner requested appellate counsel to file a *pro se* supplemental brief which he had prepared, raising several additional issues. See Dkt. # 11 at 50. Petitioner's *pro se* brief was not filed, and Petitioner now contends his appellate counsel was constitutionally ineffective for failing to file the brief.  The *pro se* brief raises the following issues[6]:

1.      Defense counsel failed to raise defense of diminished capacity.

---

[6]      Many of the claims are repeated and expanded throughout the pleading.

20

2.      Trial counsel refused to investigate or bring forth the true and correct facts in his case.

3.      Due process rights were violated because trial counsel made misrepresentations and induced and coerced him to plead *nolo*.

4.      Trial counsel failed to timely object to entry of illegally obtained statements.

5.      Petitioner, without knowledge of procedure necessary to withdraw the wrongful plea, wrongfully signed post-conviction documents without reading them.

6.      Attorney Robertson openly denounced Petitioner as guilty in open court during May 30, 2003, hearing.

7.      Attorney Robertson failed to introduce psychological evaluations.

8.      Petitioner was denied his right to present a valid defense to the charges.

9.      Petitioner was prejudiced "due to conflict of interest when Robertson was asked to testify against his own errors and omissions" on May 30, 2003.

10.     Petitioner was ignorant of "pleas and procedure" and went into the sentencing hearing with the belief that he would receive no jail time, but rather would be sent back to inpatient treatment at a veteran's hospital.

11.     Attorney Robertson failed to present documentation at a hearing on the suppression of testimony.

12.     Petitioner was deprived of proper medical care while in jail.

13.     Petitioner was "threatened" with the death penalty in court proceedings and at meetings with counsel.

14.     Petitioner's original attorney was dismissed for screaming graphic threats if Petitioner would not sign a plea agreement.

15.     Seven members of OIDS team bullied, deceived, threatened or otherwise wrongfully influenced Petitioner to enter a *nolo* plea against his will.

16.     Unjustified delay before trial.

17.     Petitioner was ignorant of the result of a guilty (*nolo*) plea.

21

See Dkt. # 11 at 51-64. This Court has previously addressed the merits of claim ## 1, 2, 3, 6, 7, and 15 in this subsection E and found them to be without merit. Claim ## 4, 8, 11,14, and 16 were waived by Petitioner upon the entry of his *nolo contendere* plea, as discussed in subsection C above. The claim described in # 5 does not raise a constitutional issue. The merits of claim ## 9, 10, 13, and 17 were addressed and rejected in subsection D above.  Claim # 12 is not cognizable in these habeas proceedings as explained in subsection B above.  Thus, none of the claims presented in Petitioner's proposed *pro se* supplemental brief to his *certiorari* appeal is meritorious and appellate counsel was not ineffective for failing to file the brief with the OCCA.

In summary, appellate counsel was not "objectively unreasonable" in failing to raise the omitted claims on appeal because the claims lack merit. Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

## F.    Procedural bar (ineffective assistance of trial counsel and appellate delay)

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law."  Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'"  Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

On post-conviction appeal, the OCCA found that Petitioner's claims that could have been but were not raised in Petitioner's *certiorari* appeal were procedurally barred.  Those claims included Petitioner's claims of ineffective assistance of trial counsel and his due process claim based on appellate delay. The OCCA relied on Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080, to conclude that the claims were waived.  <u>See</u> Dkt. # 23, Ex. C at 3-4, nn.3-4. The OCCA's procedural bar, based on Petitioner's failure to raise his claims of ineffective assistance of trial counsel and appellate delay on *certiorari* appeal, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." <u>Maes</u>, 46 F.3d at 985. The procedural bar imposed on the appellate delay claim is also "adequate" to preclude habeas review

because the OCCA routinely applies Okla. Stat. tit. 22, § 1086, to bar claims that could have been but were not raised in a prior proceeding.[7]  Id.

As to the adequacy of the procedural bar imposed on Petitioner's claims of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default.  Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).  The

---

[7]    Even if the appellate delay claim is not procedurally barred, Petitioner would not be entitled to habeas relief on the claim. The Tenth Circuit has directed that four (4) factors are to be considered in determining whether an appellate delay constitutes a due process violation:

1)    the length of the delay,
2)    the reasons for the delay,
3)    whether the petitioner asserted his right to a timely appeal, and
4)    whether the delay prejudiced the petitioner by
    i)    causing him to suffer oppressive incarceration pending appeal,
    ii)   causing him to suffer constitutional anxiety and concern awaiting the outcome of his appeal, or
    iii)  impairing his grounds for appeal or his defenses in the event of a reversal and retrial.

Harris v. Champion, 15 F.3d 1538, 1558-59 (10th Cir. 1994); Delancy v. Caldwell, 741 F.2d 1246, 1247-48 (10th Cir. 1984). The four factors of this balancing test are related and should be considered together, along with any other relevant circumstances. Harris, 15 F.3d at 1559 (citing Barker v. Wingo, 407 U.S. 514, 533 (1972)). "[A] petitioner must make some showing on the fourth factor – prejudice – to establish a due process violation." Id. (citing United States v. Tucker, 8 F.3d 673, 676 (9th Cir. 1993) (en banc)). In this case, both the first factor, length of the delay, and the third factor, Petitioner's diligence in pursuing his appeal rights, weigh in favor of a due process violation. However, Petitioner's failure to file a timely motion to withdraw his pleas as required by state procedural rules was the reason for the delay and, thus, the second factor weighs against finding a due process violation. Significantly, Petitioner has failed to make some showing of prejudice required for the fourth factor. He cannot show impairment of an ability to mount a defense on retrial, constitutionally cognizable anxiety, or oppressive incarceration because his delayed appeal was ultimately found to be without merit. Harris, 15 F.3d at 1564-65. Furthermore, he has not alleged that the delay impaired a ground for appeal or that a ground for appeal was lost because of the delay. Therefore, Petitioner has failed to demonstrate that he was prejudiced by the delay in his appellate proceedings. In the absence of prejudice, Petitioner has failed to demonstrate a due process violation.

unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)).   The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998).  In English, the Circuit Court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court finds that the procedural bar imposed by the state courts on Petitioner's ineffective assistance of trial counsel claim is based on grounds adequate to preclude federal habeas review.  Petitioner was represented at trial by attorney Joe Robertson. At the hearing on his motion to withdraw plea, Petitioner was represented by attorney Larry Roberson. On certiorari appeal, Petitioner was represented by attorney Thomas Purcell. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings, including entry of his pleas and at sentencing, and on certiorari appeal.

The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism.  Id. at 1263-64.  In applying a procedural bar to Petitioner's claims of ineffective

assistance of trial counsel, the OCCA specifically determined that the claims could have been but was not raised on *certiorari* appeal.  <u>See</u> Dkt. # 23, Ex. C at 2-4. The Court finds that Petitioner's claims of ineffective assistance of trial counsel could have been resolved on the record alone. Furthermore, even if Petitioner's claims could not all be resolved on the record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, and made applicable to *certiorari* appeals by Rule 4.6, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. <u>See</u> <u>Hooks v. Ward</u>, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure).  Although Respondent has alleged an independent and adequate procedural bar, Petitioner has simply argued the merits of his claims and has not put the adequacy of Oklahoma's remand procedure at issue. <u>See</u> Dkt. ## 10, 25. As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel are procedurally barred.

Habeas review is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  In his amended petition and reply, Petitioner attributes his failure to raise his ineffective assistance of counsel claims on *certiorari* appeal to the ineffectiveness of his appellate counsel (Dkt. ## 10, 25). It is well established that in certain circumstances, appellate counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default.  <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986). However, the ineffective

26

assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this case, Petitioner did raise a claim of ineffective assistance of appellate counsel on post-conviction appeal. This Court has reviewed the claim *de novo* in part E above and has concluded the claim lacks merit. Therefore, ineffective assistance of appellate counsel cannot constitute "cause" to excuse the default of Petitioner's ineffective assistance of trial counsel claims. Petitioner has not argued "cause and prejudice" to overcome the procedural bar as to his appellate delay claim.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime.... [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does not claim that he is innocent of killing the victims or of committing arson. Rather, he claims that he is not guilty of those crimes

27

because of "diminished capacity." However, that argument goes to legal innocence, as opposed to factual innocence. See id.; see also Brecheen v. Reynolds, 41 F.3d 1343, 1357 (10th Cir. 1994). The fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims of ineffective assistance of trial counsel and appellate delay.  Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his amended petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.     The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 10), is **denied**.

2.     A separate judgment shall be entered in this matter.

**DATED** this 26th day of September, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT